## GILLIAM v. BRYSON et al.

No. 20912. Opinion Filed June 7, 1932.

Rehearing Denied June 21, 1932.

E. W. Smith, for plaintiff in error.

F. A. Greene, for defendants in error.

HEFNER. J. This is an action in ejectment brought in the district court of McIntosh county by Anna May Gilliam against Rosie Bryson and others as heirs at law of F. M. Bryson, deceased, to recover possession of 40 acres of land in that county.

Plaintiff alleges that defendant Rosie Bryson and her husband, F. M. Bryson, since deceased. on June 1, 1925, executed and delivered their deed to the premises to Effie Ashmore. and that she, plaintiff. purchased the same from Mrs. Ashmore on June 2. 1925. The defense was that the deed was procured by Mrs. Ashmore through fraud and under such circumstances as to amount to a forgery in the second degree, and it was therefore void and conveyed no title to her. The trial was to the court and resulted in judgment in favor of defendants.

Plaintiff has appealed and asserts that the evidence is insufficient to sustain the

finding and judgment. There is some conflict in the evidence, but, in our opinion, there is evidence sufficient to sustain the finding that the deed was procured by Ashmore through fraud. It is therefore not necessary to pass on the question of the sufficiency of the evidence to sustain the finding that the deed was procured under circumstances amounting to forgery in the second degree.

Rosie Bryson testified that, at the time the deed was executed, her husband was in jail charged with murder; he engaged and employed D. E. Ashmore, husband of Effie Ashmore, to defend him; he agreed to execute a mortgage on the land in question to Ashmore to secure payment of his fee; Ashmore drew up a deed and represented to the Brysons that it was a mortgage to secure payment of his fee; F. M. Bryson, the husband, was an illiterate person and unable to read or write except to sign his name; defendant Rosie Bryson was able to read and write, but she could not read all of the instrument in question, and signed the same relying on the representations of Ashmore that the same was a mortgage; the day after the instrument was executed, Mrs. Ashmore sold the land to plaintiff for the sum of $800; Mr. Ashmore failed to represent and defend F. M. Bryson in his criminal prosecution and he was compelled to and did engage other counsel.

If the facts are as detailed by Mrs. Bryson, Ashmore perpetrated a fraud upon defendants Bryson in obtaining the deed.

In our opinion, the evidence of defendants is sufficiently corroborated to sustain the judgment of the court setting aside the deed. The evidence discloses that the deed from the Brysons to Mrs. Ashmore was executed on June 1, 1925; Mrs. Bryson. after the death of her husband, remained in possession of the premises without objection until January 10, 1927, the time this action was brought; Mrs. Bryson paid back taxes on the land, and paid the taxes for 1925 and 1926; paid no rent after the execution of the deed, nor did plaintiff demand such payment. The record also discloses that at the time of the execution of the deed, the Brysons executed a note to Ashmore for his attorney fee, in the sum of $1,350, and on the back thereof appears the following indorsement:

"Credit by sale of 40 acres to S. H. Gilliam, $800."

After the execution of the deed. Bryson paid Ashmore $100 on the attorney fee and prior thereto he had given him a retainer of $50. Nora and Edward Bryson, children of defendant Rosie Bryson, testified that immediately prior to the execution of the deed in question Ashmore stated he would draw a mortgage for the Brysons to execute to secure his attorney fee. Neither the notary public nor Ashmore testified in the case.

Plaintiff further contends that the judgment should be reversed for the reason that she is an innocent purchaser of the land. In our opinion, plaintiff cannot claim as an innocent purchaser for the reason that, under the evidence, her husband, who was acting as her agent in the matter, had notice, and knowledge of facts sufficient to place him upon inquiry and could and should have discovered the fraud practiced upon the Brysons by Ashmore in procuring the deed.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.